UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KERSHAWN GLOBE,

       Petitioner,                                  Criminal Case Number 14-00134
                                                        Civil Case Number 16-02762
v.                                                          Honorable David M. Lawson

UNITED STATES OF AMERICA,

       Respondent.
_____/

## ORDER DENYING MOTION TO VACATE SENTENCE

Petitioner Kershawn Globe was sentenced on October 16, 2015 to a prison term of 300 months after he pleaded guilty to armed bank robbery, 18 U.S.C. § 2113(a), (d), and brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c). On October 20, 2016, he filed a motion to vacate his sentence under 28 U.S.C. § 2255 in which he argues that the crime of bank robbery no longer qualifies as a "crime of violence," as that term is defined in section 924(c), because the language of the statutory definition is unconstitutionally vague under the holding of *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), in which the Supreme Court held that a similar phrase in the Armed Career Criminal Act (ACCA) — which defined a violent felony as a crime that "involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), known as the "residual clause" — was unconstitutionally vague, and therefore "an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2555-56. Globe also contends that his trial attorney was ineffective by failing to object to the unconstitutional application of section 924(c) before he pleaded guilty, and by failing to file a notice of appeal raising the *Johnson* issue after he entered his plea. The Court has reviewed the petition and the

government's response and now finds that all of the claims raised are without merit. The motion therefore will be denied.

A federal prisoner challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeds the maximum penalty allowed by law, or it "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

The claim that section 924(c) is unconstitutionally vague under the holding in *Johnson* conclusively is foreclosed by the controlling case law in this circuit, namely *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016). "In *Taylor*, [the Sixth Circuit] squarely rejected the argument that *Johnson* invalidated § 924(c)(3)(B) as unconstitutionally vague, and that decision forecloses his argument here." *United States v. Odum*, No. 15-2280, 2017 WL 6524022, at *5 (6th Cir. Nov. 30, 2017). Moreover, the Sixth Circuit held in *United States v. McBride*, 826 F.3d 293 (2017), that bank robbery under section 2113(a), whether armed or unarmed, inherently includes as an element "the use, attempted use, or threatened use of physical force," and the crime therefore qualifies under the "use of force" clause in 18 U.S.C. § 924(c)(3)(A), without resort to the "residual clause" definition in subsection (3)(B). *Moultrie v. United States*, No. 17-1791, 2017 WL 6811838, at *2 (6th Cir. Oct. 18, 2017) ("Moultrie argues that his bank robbery convictions under 18 U.S.C. § 2113(a) do not qualify as crimes of violence under 18 U.S.C. § 924(c)(3)(A)'s physical-force clause, which defines

such crimes as having as 'an element the use, attempted use, or threatened use of physical force against the person or property of another.' Moultrie reasons that because 18 U.S.C. § 2113(a) contains alternative elements, some of which do not necessarily require violence, his 18 U.S.C. § 924(c) convictions cannot stand if based on the physical-force clause. Reasonable jurists would not debate that this argument is without merit.").

The claim that the petitioner's counsel was ineffective by failing to file a notice of appeal also is without merit. To succeed on an ineffective assistance of counsel claim, the petitioner "must show both deficient performance and prejudice." *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009). An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. The *Johnson* argument that the petitioner claims his attorney should have raised on appeal is without merit, for the reasons discussed above, and failure to pursue a meritless legal issue or file a groundless appeal does not constitute defective performance. *Jalowiec v. Bradshaw*, 657 F.3d 293, 321-22 (6th Cir. 2011) (stating that an "attorney is not required to raise a non-meritorious claim" (citing *Wilson v. Mitchell*, 498 F.3d 491, 514-15 (6th Cir. 2007))); *see also Knowles*, 556 U.S. at 123 (reiterating that the "[Supreme] Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success" to avoid a finding of deficient performance under *Strickland*).

The petitioner has failed to show that there was any constitutional defect in his conviction and sentence, and his ineffective assistance claim is without merit.

Accordingly, it is **ORDERED** that the motion to vacate sentence [dkt. #1] is **DENIED**.

                        s/David M. Lawson  
                        DAVID M. LAWSON  
                        United States District Judge  
                        Sitting by special designation

Dated: January 18, 2018