UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KERSHAWN GLOBE,

        Petitioner,                         Criminal Case Number 14-00134
                                                     Civil Case Number 16-02762
v.                                                         Honorable David M. Lawson

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

The petitioner filed a motion under 28 U.S.C. § 2255 on October 20, 2016. On January 18, 2018, the Court entered an order denying that motion because all of the petitioner's claims were without merit.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, which was amended as of December 1, 2009:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a

petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The Court finds that reasonable jurists could not debate the Court's conclusions that the holding of *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), does not apply to any language in the definition of a "crime of violence" in 18 U.S.C. § 924(c), it is beyond dispute that the federal crime of armed bank robbery is a crime of violence under 18 U.S.C. § 924(c)(3)(A), and the petitioner's counsel was not ineffective when he failed or refused to file a meritless appeal.

Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED**.

        s/David M. Lawson
        DAVID M. LAWSON
        United States District Judge
        Sitting by special designation

Dated: January 18, 2018